IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                    CASE NO. 08-31700

**MARILYN KENNEDY WADE,**
Debtor (s).                               CHAPTER 13

## AGREED ORDER

This matter came before the Court on the Consent Motion of Gerald A. Finkelstein (creditor) seeking Relief from the Automatic Stay imposed by 11 U.S.C. § 362 as it relates to the enforcement of the lien against real property described as:

732 Burlington Drive, Montgomery, AL 36117-3208

Upon agreement of the parties, the motion is due to be **Conditionally Denied**.

It is **ORDERED** that the Consent Motion of **Gerald A. Finkelstein** seeking relief from the automatic stay is **CONDITIONALLY DENIED**, conditioned upon the following:

1. The monthly payments are made directly to the Movant, not through the Debtor's plan. Therefore the Debtor making direct payments to Gerald A. Finkelstein, in the amount of $659.90 monthly, in accordance with the terms and provisions of the Real Estate Mortgage and Real Estate Note commencing with the July 1, 2009, direct payment (which has been made); and,

2. Debtor maintaining in force and effect, at Debtor's expense, insurance on said real property with the Movant as loss payee and in accordance with the insurance coverage requirements specified by the terms of the Real Estate Mortgage and provide proof of insurance to the Movant; and,

3. The Debtor's account with Movant being assessed $600.00 representing a reasonable attorney's fee of $450.00 for services rendered and advanced court cost of $150.00 incurred in behalf of Movant in this action; and,

4. The Debtor will include in his plan an additional $4,717.56, which is comprised of the unpaid post-petition arrearages and late charges of $4,117.56 through the month of June, 2009, and $600.00 for reasonable attorney's fee and court cost incurred by the Movant in filing this motion. Gerald A.

Finkelstein will be allowed to amend their Proof of Claim to show pre-petition and post-petition arrearages, late charges, and the reasonable attorney's fee by consent of the parties.
5. Gerald A. Finkelstein is to be given a monthly Specified Monthly Payment in the amount of $275.00 on their Secured Claim, at 8% thereon.
6. Debtor's plan payments to Trustee shall be $335.00 semi-monthly; and,
7. This order has been approved by the Trustee, Curtis C. Reding.

It is further **ORDERED** that in the event Debtor fail to comply with any of the terms specified in paragraph 1 of this order, that upon 20 days notice to the Debtor and Debtor's attorney, 20, of such non-compliance, and the Debtor's subsequent failure to cure said default within said 20 day period, the Automatic Stay shall be deemed terminated.

It is further **ORDERED** that Creditor shall only be required to send three (3) 20 day notices to Debtor and Debtor's attorney, Richard D. Shinbaum, as regards paragraph 1 of this Order. Upon the Debtor's forth default, the Automatic Stay shall be terminated without further Order of the Court.

**Dated: July 6, 2009.**   /s/ Dwight H. Williams, Jr.
　　　　　　　　　　　　　　**DWIGHT H. WILLIAMS, JR.**
　　　　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

Prepared by Lewis B. Hickman, Jr.
cc:　Curtis C. Reding, Chapter 13 Trustee
　　　Richard D. Shinbaum, Attorney for Debtor
　　　Lewis B. Hickman, Jr., Attorney for Movant